[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13507
Non-Argument Calendar

_____

Agency No. A073-164-482

SOWE ABDOULIE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(September 3, 2019)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Abdoulie Sowe[1] seeks review of the Board of Immigration Appeals' ("BIA")

final order affirming the denial of his motion to reopen his immigration proceedings

after entry of an *in absentia* removal order.  Mr. Sowe argues that the BIA abused

its discretion in failing to consider all of the evidence he submitted regarding whether

he received notice of the February 2001 hearing at which his removal was ordered.

He also argues that the BIA erred in declining to reopen his proceedings *sua sponte*

because such refusal creates a due process concern.

## I

In 1992, Mr. Sowe entered the United States on a visitor visa.  He filed an

asylum application on October 1, 1993, which he withdrew in 1998 with the

assistance of his attorney.  The asylum office issued a notice referring his case to the

immigration court, and Immigration and Naturalization Services ("INS") issued a

Notice to Appear.  In September of 1998, Mr. Sowe's wife—a United States citizen

whom he married in 1997—filed an I-130 petition on his behalf.  She withdrew that

application in or around 1999.  In March of 2000, Mr. Sowe filed a change of address

form.

---

[1] Though the caption in this case is styled "Sowe Abdoulie v. U.S. Attorney General," it appears
this is a mistake and that the petitioner's name is "Abdoulie Sowe."  *See* Declaration of Abdoulie
Sowe, AR 000067.

With the assistance of counsel, Mr. Sowe continued his immigration hearing several times, eventually appearing on June 22, 2000. At that hearing, Mr. Sowe's attorney withdrew as counsel of record.

At the June 22, 2000 hearing, the immigration court also noticed a January 16, 2001, hearing to allow Mr. Sowe time to retain new counsel and confirmed his new address. Mr. Sowe failed to appear at the January 2001 hearing. The immigration court then continued the hearing until February 1, 2001, and issued a new notice to Mr. Sowe. The copy of the notice sent to Mr. Sowe his former attorney's name and address printed at the top but both were crossed out. The copy of the notice also had Mr. Sowe's address handwritten on the notice (and it was not crossed out). Mr. Sowe did not appear at the February 1, 2001 hearing. The immigration judge ("IJ") proceeded *in absentia* and ordered Mr. Sowe removed from the United States.

In 2017, Mr. Sowe's son, a United States citizen, turned 21 and filed an immigrant petition naming his father as beneficiary. The petition was approved on October 5, 2017. Had his removal proceedings been reopened, Mr. Sowe would have been eligible to adjust his status.

In December of 2017, Mr. Sowe filed a motion to rescind his *in absentia* order of removal and to reopen his immigration proceedings to adjust his status. In support of his motion, Mr. Sowe claimed that he did not receive notice of his February 1,

2001 hearing.  The IJ denied Mr. Sowe's motion to reopen his immigration proceedings.  The BIA affirmed.

## II

We review the denial of a motion to reopen immigration proceedings for abuse of discretion.  *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  We generally review only the BIA's decision, unless the BIA has expressly adopted the IJ's reasoning.  *See id.*  "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner."  *Id.*  Mr. Sowe, as the petitioner, bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in removal proceedings are particularly disfavored.  *See Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

## III

### A

When an individual fails to attend his removal proceeding, he will be ordered removed *in absentia* if he is removable and was provided with written notice of the proceeding.  *See* 8 U.S.C. § 1229a(b)(5)(A).  There needs to be "clear, unequivocal, and convincing evidence" that the written notice was provided and that the alien is removable."  *See id.*

An order entered *in absentia* may be rescinded upon a motion to reopen, filed at any time, if the movant shows that he did not receive adequate notice of the

4

removal proceedings.  *See* 8 U.S.C. §1229a(b)(5)(C)(ii).  Notice is considered sufficient if it is sent to the most recent address provided by the individual.  *See* 8 U.S.C. § 1229a(b)(5)(A).

The BIA applies some presumption of receipt when notice is sent by regular mail.  *See Matter of M-R-A*, 24 I. & N. Dec. 665, 673 (BIA 2008).  This presumption of receipt is weaker than the presumption applied to certified mail.  *See id*. Nevertheless, a movant must present sufficient evidence to overcome the presumption of delivery attached to notices delivered by regular mail.  *See id.*

Here, Mr. Sowe argues that the BIA abused its discretion in failing to consider all the evidence submitted regarding whether he received notice of the February 1, 2001, hearing where he was ordered removed.  We conclude that the BIA did not abuse its discretion because there is sufficient evidence in the record to support the conclusion that Mr. Sowe received notice and that he has failed to overcome the presumption of receipt.

The BIA explained that it considered Mr. Sowe's affidavit, but found it lacking.  The affidavit did not indicate that Mr. Sowe was living at the reported address at the time the notice was sent, whether he was living with anyone else at the time.  Nor did it state whether anyone other than Mr. Sowe had access to or control over his mail.  The BIA also expressly considered the returned envelope Mr. Sowe provided, but concluded that the envelope corresponded to an earlier returned

Notice of Hearing that was mailed to Mr. Sowe's former attorney on September 16, 1999. Because that envelope did not correspond to the January or February notices, this bare assertion was not enough to rebut the presumption of receipt and establish lack of notice.

Mr. Sowe also asserts that both the IJ and the BIA "failed to consider as evidence [his] previous compliance with his immigration proceedings when he submitted a form to show his change of address." Appellant's Br. at 12. He contends that he was not "given the opportunity to establish a pattern of behavior of failure to appear." *Id.* But these assertions overlook the fact that Mr. Sowe failed to appear at the January hearing, of which he received notice in person at the June hearing. It was only after his failure to appear in January that a February hearing was set. Accordingly, we conclude that the BIA did not exercise its discretion arbitrarily or capriciously in denying Mr. Sowe's motion on this ground.

**B**

A removal order may also be rescinded if the individual files a motion to reopen within 180 days after entry of the order and demonstrates that his failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Exceptional circumstances" are defined as "circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not

including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). The 180-day deadline, however, is a non-jurisdictional claim-processing rule, subject to equitable tolling. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362–65 & n.4 (11th Cir. 2013) (en banc). Equitable tolling requires the individual to show that: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way (equivalent to the INA's definition of "exceptional circumstances.") *See id.* at 1363 n.5.

As noted, Mr. Sowe has not demonstrated any exceptional circumstances. And he is not entitled to equitable tolling. First, Mr. Sowe has abandoned his equitable tolling argument by failing to adequately raise it. *See Sepulveda v. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Second, Mr. Sowe filed his motion in 2017, far beyond the allowed 180 days after entry of the *in absentia* removal order despite having notice of the January 2001 hearing. And, according to Mr. Sowe's declaration, he learned of his removal order in 2013, yet still failed to file a motion to reopen proceedings until December of 2017. We therefore decline to reverse on this ground.

## C

Mr. Sowe also requested that the BIA *sua sponte* reopen his removal proceedings, which it declined to do. Under the relevant regulations, the BIA may *sua sponte* grant a motion to reopen at any time. *See* 8 C.F.R. § 1003.2(a). But the

BIA has discretion to deny a motion, even if the moving party has met his prima facie burden. *See id.*

Generally, we lack jurisdiction to review denials of motions to reopen *sua sponte*. *See Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1286 (11th Cir. 2016). And, though we have yet to decide the issue, we have previously suggested that an individual may obtain review of such a motion only if he raises a colorable constitutional claim. *See id. See also Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007). We review constitutional challenges, including due process violations, *de novo*. *See Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 (11th Cir. 2011).

Here, we lack jurisdiction to consider the BIA's decision not to reopen *sua sponte* Mr. Sowe's *in absentia* removal proceedings because Mr. Sowe has only raised an abuse of discretion argument framed as a due process violation. *See id.* at 1281. The decision to reopen *sua sponte* is generally committed to the BIA's discretion. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008). And "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Id.* Assuming there may be "a substantial likelihood that the result in [Mr. Sowe's] case would be changed if reopening is granted," *Butka*, 827 F.3d at 1283, the fact remains that he has failed to demonstrate how he was denied notice or a "full and fair hearing," *Alhuay*, 661 F.3d

8

at 548.  Mr. Sowe has therefore not demonstrated a colorable constitutional claim to overcome the jurisdictional bar.

## IV

For the foregoing reasons, we conclude that the BIA did not abuse its discretion in denying Mr. Sowe's motion to reopen his removal proceedings.

**AFFIRMED.**